UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| EMILEE KROHN, BRAD IEHL, DUSTIN STREFF, JIM WELCH, LE VAR FRANKLIN, and DAN MORAN<br><br>Individually, and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>WELLS FARGO FINANCIAL, INC. and WELLS FARGO, NATIONAL ASSOCIATION,<br><br>        Defendants. | CASE NO.   12-183<br><br><br><br><br><br><br><br><br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND** |

## CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

Plaintiffs, EMILEE KROHN, BRAD IEHL, DUSTIN STREFF, JIM WELCH, LE VAR FRANKLIN, and DAN MORAN, on behalf of themselves and all other persons similarly situated, known and unknown (collectively "Plaintiffs"), through their attorneys, for their Class and Collective Action Complaint and Jury Demand against Defendants, WELLS FARGO FINANCIAL, INC. and WELLS FARGO, NATIONAL ASSOCIATION (collectively "Wells Fargo") ("Defendants"), state as follows:

## I.      INTRODUCTION

1.      Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the Iowa Wage Payment Collection Act, Iowa Code Ann. §§ 91A *et seq.* ("IWPCA") to recover unpaid overtime compensation and for other relief.

## II.   JURISDICTION AND VENUE

2.      Jurisdiction is conferred on this Court as a State of Iowa collective action pursuant to 29 U.S.C. § 216(b) and as an Iowa state-law class action under Fed. R. Civ. P. 23(b)(3).

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) (as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 14 ("CAFA")).

4.      This Court also has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331.

5.      Venue for this action is proper in the Southern District of Iowa, Central Division, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## III.   PLAINTIFFS

6.      Plaintiff, Emilee Krohn ("Krohn), is a resident of the State of Iowa and at all times material hereto was an "employee" of Defendants within the definition of the FLSA and the IWPCA.

7.      Plaintiff, Brad Iehl ("Iehl"), is a resident of the State of Iowa and at all times material hereto was an "employee" of Defendants within the definition of the FLSA and the IWPCA.

8.      Plaintiff, Dustin Streff ("Streff"), is a resident of the State of Iowa and at all times material hereto was an "employee" of Defendants within the definition of the FLSA and the IWPCA.

9.      Plaintiff, Jim Welch ("Welch"), is a resident of the State of Iowa and at times material hereto was an "employee" of Defendants within the definition of the FLSA and the IWPCA.

10.      Plaintiff, Le Var Franklin ("Franklin"), is a resident of the State of Illinois and at times material hereto was an "employee" of Defendants within the definition of the FLSA and the IWPCA.

11.      Plaintiff, Dan Moran ("Moran"), is a resident of the State of Iowa and at times material hereto was an "employee" of Defendants within the definition of the FLSA and the IWPCA.

12.      Plaintiffs, Krohn, Iehl, Streff, Welch, Franklin, and Moran (collectively "Plaintiffs") are former non-exempt Loan Officers employed by Defendants during the applicable statute of limitations period who have been subjected to Defendants' illegal compensation policies.  The primary duty of Loan Officers was to refinance residential mortgage loans.

## IV.      **DEFENDANTS**

13.      Defendant, Wells Fargo Financial, Inc., provides diversified financial services to consumers in Iowa and throughout the nation through its headquarters previously located in Des Moines, Iowa.

14.      At all times material to this action, Defendant, Wells Fargo Financial, Inc., was an enterprise engaged in commerce or in the production of goods for commerce pursuant to 29 U.S.C. § 203(s)(1)(A).

15.      At all times material to this action, Defendant, Wells Fargo Financial, Inc., was an "employer" of Plaintiffs within the meaning of 29 U.S.C. § 203(d) and Iowa Code § 91A.2(4).

16.     Defendant, Wells Fargo Bank, National Association, is a mortgage bank and brokerage corporation which has been operating within the State of Iowa.

17.     At all times material to this action, Defendant, Wells Fargo Bank, National Association, was an enterprise engaged in commerce or in the production of goods for commerce pursuant to 29 U.S.C. § 203(s)(1)(A).

18.     At all times material to this action, Defendant, Wells Fargo Bank, National Association, was an "employer" of Plaintiffs within the meaning of 29 U.S.C. § 203(d) and Iowa Code § 91A.2(4).

19.     This Court has personal jurisdiction over each Defendant as a result of the following during the relevant time period:

  a.    Defendants have continuously, regularly, permanently, purposively, and systematically engaged in a course of business, and have otherwise been present, within Iowa (availing itself of the legal privileges of doing business within Iowa) by, *inter alia*, maintaining, possessing, and operating an office within Iowa; selling mortgage-related financial goods and services within Iowa to Iowa residents and others; and entering into contracts with individuals (including Loan Officers) within Iowa to provide employment services at its Iowa offices.

  b.    The statutory violations alleged herein involving Loan Officers who have worked at Defendants' Iowa offices have arisen directly from, and are substantially related to, Defendants' transaction of business and contracting within Iowa, namely, *inter alia*, contracting with, employing, and otherwise doing business with Plaintiffs at Defendants' Iowa offices.

  c.    Defendants have committed the statutory violations alleged herein involving Loan Officers who have worked at Defendants' Iowa office either within Iowa or outside of Iowa, but in either case have caused such Loan Officers to suffer lost wages and other harm, and reasonably should have expected them to suffer such harm, within Iowa; and Defendants have regularly done and solicited business within Iowa and derived substantial revenue from goods used and consumed, and services rendered, within Iowa; used and possessed real property within Iowa; and derived substantial revenue from interstate commerce.

## V.    <u>FACTS</u>

20.     Defendants provide diversified financial, mortgage and brokerage services to consumers located within the State of Iowa and elsewhere.

21.     Plaintiffs and all other similarly situated persons are Loan Officers formerly employed by Defendants at the Bell Avenue location, Des Moines, Iowa, as Loan Officers in the State of Iowa during the applicable statutory period.  Plaintiffs worked as hourly, non-exempt employees as defined under the FLSA and IWPCA.

22.     All Loan Officers employed by Defendants during the statutory period can be easily divided into two distinct subclasses as a result of the following facts:

   a.   The duties of Plaintiffs Krohn, Welch, Franklin, and Moran included making outbound calls to sell home refinancing through leads provided by lowermypayment.com and/or other similar leads.  The remainder of their job responsibilities consisted of, but were not limited to, following up with working loans and collecting customer documents for refinancing.

   b.   The duties of Plaintiffs Streff and Iehl included taking incoming calls from other call centers which were likely to turn into a lead.  The remainder of their job responsibilities consisted of, but was not limited to, returning customer calls and gathering documents to process the refinancing.

23.     Pursuant to Defendants' uniform company-wide policies and procedures, the primary duty of Plaintiffs and other similarly situated Loan Officers was to refinance residential mortgage loans.

24.     Defendants managed Plaintiffs' and all similarly situated Loan Officer's employment, including, but not limited to, the amount of overtime worked.

25.     Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies for all their Loan Officers located in Iowa.

26.     Defendants' wage and hour practices and policies have been uniform and centrally disseminated.

27.     At all relevant times, Plaintiffs and all similarly situated Loan Officers have routinely worked in excess of 40 hours per week without overtime compensation.

28.     Defendants have permitted Plaintiffs and all similarly situated Loan Officers to perform work that has required overtime compensation.

29.     Plaintiffs and all similarly situated Loan Officers were not compensated for all time worked at the rates agreed to by the parties.

30.     Defendants have suffered and permitted Plaintiffs and all similarly situated Loan Officers to perform unpaid work before their scheduled shift time, including, but not limited to, booting-up the computer, initializing numerous software programs and reading company emails.

31.     Defendants' failure and refusal to pay Plaintiffs for all time worked at the rate agreed to by the parties and overtime compensation was willful and intentional in that, among other things:

        a.     Defendants knew the FLSA required them to pay time and one-half for all hours worked over 40 in a week;

        b.     Defendants knew the IWPCA required them to pay Plaintiffs for all time worked at the rate agreed to by the parties;

        c.     Defendants failed to maintain true and accurate time records;

        d.     Defendants have suffered and permitted Plaintiffs and all similarly situated Loan Officers to not record all hours worked.

32.     As a result of this unlawful practice, Plaintiffs and all similarly situated Loan Officers have suffered damages.

**COLLECTIVE ACTION ALLEGATIONS OF THE FLSA CLASS OF LOAN OFFICERS**

33.     Plaintiffs reassert and re-allege the allegations set forth in each of the paragraphs above.

34.     Plaintiffs seek to proceed as a collective action with regard to the first Prayer for Relief, pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following class of persons:

> All persons who worked as Loan Officers for Wells Fargo at the Bell Avenue, Des Moines, Iowa location at any time from three years prior to the filing of this action to the entry of judgment in this action who give their consent in writing to become party plaintiffs ("FLSA Class").

35.     The defined class can be easily divided into two distinct and readily identifiable subclasses:

a.      All individuals employed as Loan Officers at the Bell Avenue, Des Moines, Iowa location in the State of Iowa whose duties included making outbound calls to sell home refinancing through leads provided by lowermypayment.com and/or other similar leads.

b.      All individuals employed as Loan Officers at the Bell Avenue, Des Moines, Iowa location in the State of Iowa whose duties included taking incoming calls from the other call centers, which were previously identified as a lead.

36.     Plaintiffs and other members of the FLSA Class are similarly situated because, *inter alia*, they have all had similar duties; performed similar tasks; been subjected to the same requirements under the FLSA to be paid overtime wages unless properly exempted thereunder, have been subjected to similar pay plans; been permitted to work and have worked in excess of forty (40) hours per week; and have not been paid overtime for all overtime hours worked.

37.     The duties of Plaintiffs and other members of the FLSA Class consisted primarily of providing customer service, making sales, and maintaining customer accounts by telephone while working in Defendants' call centers, undergoing same or similar training, working under common employment policies, and being subjected to the same compensation scheme.

38.     Defendants have suffered and permitted Plaintiffs and other members of the FLSA Class to work more than forty (40) hours per week without overtime compensation.

39.     Defendants have known that Plaintiffs and all members of the FLSA Class have performed work that has required overtime compensation.

40.     Defendants knowingly suffered and permitted Plaintiffs and all members of the FLSA Class to perform unpaid work before their schedule shift time, including, but not limited to, booting-up the computer, initializing numerous software programs and reading company emails.

41.     Defendants' conduct, as alleged herein, has been willful and has caused significant damage to Plaintiffs and all members of the FLSA Class.

## VI.     CAUSES OF ACTION

### COUNT I
### VIOLATION OF FAIR LABOR STANDARDS ACT OF 1938
### 29 U.S.C. § 201 ET SEQ.
### FAILURE TO PAY OVERTIME

42.     Plaintiffs reassert and re-allege the allegations set forth in each of the paragraphs above.

43.     The FLSA regulates the payments of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce."  29 U.S.C. § 207(a)(1).

44.     Defendants were and are subject to the overtime pay requirements of the FLSA because Defendants are an enterprise engaged in commerce and its employees are engaged in commerce.

45.     At all times relevant hereto, Plaintiffs and all members of the FLSA Class are "employee[s]" as defined by 29 U.S.C. § 203(e).

46.     At all times material to this action, Plaintiffs and all members of the FLSA Class have been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq.*

47.     29 U.S.C. § 207(a)(1) of the FLSA provides, in relevant part, that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

48.     At all relevant times, Plaintiffs and all members of the FLSA Class have routinely worked in excess of 40 hours per week without overtime compensation.

49.     By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiffs and all members of the FLSA Class overtime compensation as required by the FLSA.

50.     At all times relevant hereto, Defendant's failure to pay Plaintiffs and all members of the FLSA Class time and one-half the employees' regular rate of pay for all hours worked in excess of 40 hours per week was willful in that, among other things:

      a.     Defendants knew the FLSA required them to pay time and one-half for all hours worked over 40 in a week;

      b.     Defendants failed to maintain true and accurate time records;

      c.     Defendants have suffered or permitted Plaintiffs to not record all hours worked.

51.     Defendants have not acted in good faith or with reasonable grounds to believe their actions and omissions were not a violation of the FLSA.

52.     As a result, Plaintiffs and all members of the FLSA Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay as described above, pursuant to 29 U.S.C. § 216(b).

53.     Alternatively, if the Court finds Defendants have not acted willfully in failing to pay overtime pay, Plaintiffs and all members of the FLSA Class are entitled to an award of prejudgment interest at the applicable legal rate.

54.     Accordingly, Plaintiffs and all members of the FLSA Class are due unpaid overtime wages and liquidated damages pursuant to 29 U.S.C. § 216(b).

## STATE-WIDE CLASS ALLEGATIONS

55.     Plaintiffs also seek to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of themselves individually and on behalf of all others who, during the relevant statue of limitations period, have worked for Defendants as Loan Officers at the Bell Avenue location in the State of Iowa.

56.     Fed. R. Civ. P. 23(b)(3) provides that a cause of action may be maintained as a class action if:

      a.     The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

      b.     There are questions of law or fact common to the class which predominate over any questions affecting only individual members;

      c.     The claims or defenses of the representative parties are typical of the claims or defenses of the class;

      d.     The representative parties will fairly and adequately protect the interests of the class; and,

      e.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## Class Definitions

57.     Plaintiffs seek certification of the following state-wide class:

All individuals who were employed by Defendants, their subsidiaries or affiliated companies, as Loan Officers at the Bell Avenue, Des Moines, Iowa location in the State of Iowa at any time during the relevant statue of limitations period.

59.     Plaintiffs seek certification of the following subclasses:

a.     All individuals employed as Loan Officers at the Bell Avenue, Des Moines, Iowa location in the State of Iowa whose duties included making outbound calls to sell home refinancing through leads provided by lowermypayment.com and/or other similar leads.

b.     All individuals employed as Loan Officers at the Bell Avenue, Des Moines, Iowa location in the State of Iowa whose duties included taking incoming calls from the other call centers, which were previously identified as a lead.

## Numerosity

58.     Plaintiffs and members of the state-wide class satisfy the numerosity requirements as the proposed class consists of hundreds of class members.  The proposed class can be identified and located using Defendants' payroll and personnel records.  Therefore, the class is so numerous that the joinder of all members is impracticable.  Class members may be informed of the pendency of this action by direct mail based upon and/or published and broadcast notice.

## Common Questions of Fact or Law

59.     There are questions of fact and law common to the class that predominates over any questions affecting only individual members.  The questions of fact and law common to the class arising from Defendants' actions include, without limitation, the following:

a.     Whether Defendants conducted an analysis of class members' compensation before failing to pay them for all time worked;

b.     Whether Defendants conducted an analysis of class members' duties and tasks before failing to pay them for all time worked;

c.     Whether Defendants have failed to pay Plaintiffs and class members all compensation due to them;

      d.      Whether Defendants have made and maintained accurate records of actual Loan Officer time worked;

      e.      Whether Defendants' failure to pay Plaintiffs for all time worked has been willful, and whether it has been undertaken in good faith as Defendants claim; and,

      f.      Whether Plaintiffs and members of the class have suffered damages and the proper measure of those damages.

The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the controversy.

## Typicality

60.      Plaintiffs' claims are typical of the claims of the class members.  Named Plaintiffs suffered similar injuries as those suffered by other members of the respective classes they seek to represent as a result of Defendants' failure to pay overtime compensation.

## Adequacy

61.      Plaintiffs are adequate representatives of the class they seek to represent because they are members of such classes, and their interests do not conflict with the interests of the members of the classes they seek to represent.  The interests of the class members will be fairly and adequately protected by Plaintiffs and their undersigned counsel.  Plaintiffs have hired competent attorneys who are experienced in class action litigation of this type and who are committed to prosecuting this action.

## Superiority

63.     A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually.  Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for Plaintiffs to bring individual claims.  The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair, or impede the ability of class members to protect their interests.

## COUNT II
## VIOLATION OF THE IOWA WAGE PAYMENT COLLECTION ACT

62.     Plaintiffs reassert and re-allege the allegations set forth in each of the paragraphs above.

63.     At all times relevant hereto, each Plaintiff and member of the state-wide class was an "employee" as defined by Iowa Code § 91A.2(3).

64.     At all times relevant hereto, Defendants were "employer[s]" as defined by Iowa Code § 91A.2(4).

65.     During the course of their employment with Defendants, Plaintiffs and members of the state-wide class were not compensated for all time worked in certain work weeks at the rates agreed to by the parties and as required by Iowa Code § 91A.3.

66.     Plaintiffs and members of the state-wide class are entitled to be compensated for all time they worked at the rate agreed to by the parties.

67.     Defendants' failure to pay Plaintiffs and all members of the state-wide class for all time worked at the rates agreed to by the parties violates the IWPCA.

68.     The wages withheld from Plaintiffs and all members of the state-wide class are not withheld as a result of a bona fide dispute.

69.     At all times relevant hereto, Defendants' failure to pay Plaintiffs and all members of the state-wide class for all their earned wages was willful in that, among other things:

   a.     Defendants knew the IWPCA required them to pay Plaintiffs and all members of the state-wide class for all time worked;

   b.     Defendants failed to maintain true and accurate time records;

   c.     Defendants encouraged Plaintiffs and all members of the state-wide class to not record all hours worked.

70.     As a result, Plaintiffs and all members of the state-wide class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay as described above, pursuant to Iowa Code § 91A.8.

71.     Accordingly, Plaintiffs and all members of the state-wide class are due unpaid wages and liquidated damages pursuant to Iowa Code § 91A.8.

## VII.  **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs, individually and on behalf of all others similarly situated, by and through their attorneys, demand judgment against the Defendants, jointly and severally, for a sum that will properly, adequately and completely compensate Plaintiffs for the nature, extent and duration of their damages, the costs of this action and as follows:

   A.     Order the Defendants to file with this Court and furnish to counsel a list of names, addresses, and phone numbers of all Loan Officers who currently work or have worked for the Defendants at the Bell Avenue, Des Moines, Iowa location within the last three (3) years;

B.      Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all current and former Loan Officers employed by the Defendants at the Bell Avenue, Des Moines, Iowa location during the three years immediately preceding this action, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked hours in excess of forty (40) hours in a week during the liability period, but were not paid overtime as required by the FLSA;

C.      Authorize Plaintiffs to certify their claims under the law of the State of Iowa;

D.      Declare and find that the Defendants committed one or more of the following acts:

      1.      Violated provisions of the FLSA by failing to pay overtime compensation to Plaintiffs and members of the FLSA Class;

      2.      Willfully violated overtime provisions of the FLSA;

      3.      Violated provisions of the IWPCA for failing to pay Plaintiffs and members of the state-wide class for all time worked; and

      4.      Willfully violated provisions of the IWPCA.

E.      Award compensatory damages, including all overtime compensation owed pursuant to 29 U.S.C. § 216(b) and Iowa Code § 91A.8, in an amount according to proof.

F.      Award liquidated damages on Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b).

G.      Award liquidated damages on Plaintiffs' IWPCA claims pursuant to Iowa Code § 91A.8.

H.      Award interest on all overtime compensation due accruing from the date such amounts were due.

I.      Award all costs and attorney's fees incurred in prosecuting this action pursuant to 29 U.S.C. § 216(b) and Iowa Code § 91A.8.

J.      Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court.

K.      Provide such further relief as the Court deems just and equitable.

## VIII.   JURY DEMAND

The Plaintiffs hereby demand a trial by jury of all claims herein.


Respectfully submitted,


*/s/ Michael J. Carroll*
Michael J. Carroll
Jenna L. Green
BABICH GOLDMAN, P.C.
501 S.W. 7th Street, Suite J
Des Moines, Iowa  50309
Telephone:  (515) 244-4300
Facsimile:  (515) 244-2650
Email: mcarroll@babichgoldman.com
Email:  jgreen@babichgoldman.com

J. Barton Goplerud
HUDSON, MALLANEY, SHINDLER &
ANDERSON, P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265-5749
Telephone: (515) 223-4567
Facsimile: (515) 223-8887
Email: jbgoplerud@hudsonlaw.net

James B. Zouras
Ryan F. Stephan
STEPHAN ZOURAS, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
Telephone: (312) 233-1550
Facsimile: (312) 233-1560
Email: jzouras@stephanzouras.com
Email: rstephan@stephanzouras.com

ATTORNEYS FOR PLAINTIFFS


Original filed.